UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                              CASE NO: 6:12-cr-192-Orl-28GJK

**JOHN HENRY RAFTOPOULOS**

## ORDER

Defendant's "Motion for a Court Order to the Federal Bureau of Prisons to authorize Release Under 18 U.S.C. 3624(c)(2)" ("Motion") (Doc. 68) is before the Court for consideration. The Government filed a response to the Motion (Doc. 71). For the reasons stated below, the Motion is due to be denied.

Defendant asks the Court to order the Bureau of Prisons ("BOP") to release him to home confinement pursuant to the Coronavirus Aid, Relief and Economic Security ("CARES") Act (Pub. L. 116-136).[1] The Court lacks the authority to grant Defendant's request.

Pre-release custody is governed by 18 U.S.C. § 3624(c). "Under the plain language of the statute, 'the Bureau of Prisons, not the Court, has the sole authority to prescribe home confinement post-incarceration [under 18 U.S.C. § 3624(c)].'" *United States v. Neeley*, No. 1:14-cr-00096-SEB-TAB, 2020 WL 1956126, at *2 (S.D. Ind. April 23, 2020),

---

[1] Section 12003(b)(2) of the CARES Act provides that "if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." The Attorney General made those findings on April 3, 2020, conferring on BOP the authority to expand its use of home confinement

quoting *United States v. Rodriguez*, No. 16-CR-167(LAP), 2020 WL 1866040, at *4 (S.D.N.Y. Apr. 14, 2020). *See also United States v. Caiado*, No. 8:17-CR-561-T-17TGW, 2019 WL 5653810, at *2 (M.D. Fla. Oct. 31, 2019). As recognized by the United States Supreme Court, after the court imposes sentence, "the Attorney General, acting through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992).[2]

Accordingly, Defendant's Motion (Doc. 68) is **DENIED**.[3]

**DONE** and **ORDERED** in Orlando, Florida on April 29, 2020.

JOHN ANTOON II
United States District Judge

---

[2] As stated on the BOP webpage:
The BOP has the authority to expand the time and decide who should be released under this expansion. Inmates do not need to apply to be considered for home confinement. Case management staff are urgently reviewing all inmates to determine which ones meet the criteria established by the Attorney General. The Department has also increased resources to review and make appropriate determinations as soon as possible.

While all inmates are being reviewed for suitability, any inmate who believes they are eligible may request to be referred to Home Confinement and provide a release plan to their Case Manager. The BOP may contact family members to gather needed information when making decisions concerning Home Confinement placement.

[3] To the extent Defendant seeks relief under "compassionate release," such request also fails due to Defendant's failure to exhaust his administrative remedies. *See United States v. Zywotko*, No. 2:19-cv-113-FtM-60NPM, 2020 WL 1492900, at *1 (M.D. Fla. March 27, 2020); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Copies furnished to:
United States Attorney
United States Probation Office
United States Pretrial Services Office
John Henry Raftopoulos